United States District Court<br>Northern District of California

1

2

3

4               UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7   DEON MCNEIL WILKINS,                    Case No.  20-cv-01939-EMC

8                  Plaintiff,

9          v.                              ORDER DISMISSING AMENDED
                                           COMPLAINT WITH LEAVE TO
10  STATE OF CALIFORNIA, et al.,           AMEND

11               Defendants.

12

13

14                  I.       INTRODUCTION

15          Deon McNeil Wilkins filed this *pro se* civil rights action under 42 U.S.C. § 1983.  Mr.

16  Wilkins's original complaint was reviewed by the Court pursuant to 28 U.S.C. § 1915A, and

17  dismissed with leave to amend.  *See* Docket No. 12.  After Mr. Wilkins was granted an extension

18  of time to amend, a Court order was returned as undeliverable.  *See* Docket Nos. 18, 19.  The

19  Court then dismissed the instant action for failure to comply with Local Rule 3-11(a).  *See* Docket

20  No. 20.

21          Mr. Wilkins subsequently moved to reopen this action, which request the Court granted.

22  *See* Docket Nos. 22, 24.  After several administrative motions and extensions of time, Mr. Wilkins

23  filed an amended complaint ("FAC").  *See* Docket No. 34.  The FAC is now before the court for

24  review under 28 U.S.C. § 1915A.  This order requires Mr. Wilkins to file a second amended

25  complaint ("SAC") to correct several pleading deficiencies.

26                  II.      BACKGROUND

27          Mr. Wilkins alleges the following in the FAC:

28          In 2017, Campbell police officer Najib Magee "illegally searched [and] detained, racially

1    profiled and arrested" Mr. Wilkins, which resulted in Mr. Wilkins being held for 14 months.  FAC

2    at 1.  Throughout 2016 and 2017, Mr. Wilkins was "continuously racially profiled, arrested and

3    released" by unidentified persons.  *Id* at 2.  Excessive force was used against Mr. Wilkins in

4    several instances.  *See id.*  Records exist of all incidents, and Mr. Wilkins has medical records of

5    his injuries.  *See id.*

6                              **III.      DISCUSSION**

7            A federal court must engage in a preliminary screening of any case in which a prisoner

8    seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

9    U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

10   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

11   seek monetary relief from a defendant who is immune from such relief.  *See id.* at

12   § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police

13   Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

14          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

15   right secured by the Constitution or laws of the United States was violated, and (2) that the

16   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

17   U.S. 42, 48 (1988).

18          Although a complaint "does not need detailed factual allegations, . . . a plaintiff's

19   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

20   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

21   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl.

22   Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer

23   "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

24          Here, the FAC fails to state a claim upon which relief may be granted because Mr. Wilkins

25   provides only conclusory allegations without any facts alleged in support of those conclusions.[1]

26

27   _____

     [1] The difference between a conclusory allegation and a factual allegation can best be understood
     by some examples.  For example, "Smith drove negligently" is a conclusory allegation and "Smith
28   drove through an intersection without stopping at the stop sign" is a factual allegation.  As another
     example, "Judge Smith imposed a fine that was cruel and unusual punishment" is a conclusory

_United States District Court_
_Northern District of California_

United States District Court
Northern District of California

1   Because Mr. Wilkins's FAC contains only legal conclusions, it does not provide "enough facts to

2   state a claim to relief that is plausible on its face." *Id.* In his SAC, Mr. Wilkins must allege

3   enough facts to state a claim that is plausible on its face. That is, it is not enough for him to allege

4   that he was subjected to racial profiling, illegal detention, illegal search and seizure, false arrest,

5   and excessive force – he must describe what occurred in each instance to show that claim is

6   plausible on its face. For example, Mr. Wilkins must identify when each incident occurred, the

7   person(s) who harmed him in each incident, and what specific actions the person(s) performed that

8   caused him harm.

9       In order to state a claim under § 1983 "'for a violation of the Equal Protection Clause of

10  the Fourteenth Amendment'" – the constitutional provision that would apply to a claim of racial

11  profiling – "'a plaintiff must show that the defendants acted with an intent or purpose to

12  discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of*

13  *L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

14  Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part because of a

15  plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

16  Here, Mr. Wilkins alleges no facts to show that any of the Defendants acted in a discriminatory

17  manner, or that his treatment at the hands of the defendants was somehow different on account of

18  his membership in a protected class. Indeed, Mr. Wilkins does not even identify the class to

19  which he belongs. *See generally*, FAC.

20      The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const.

21  amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Fox*worth, 31

22  F.3d 873, 875 (9th Cir. 1994). The ultimate test of reasonableness requires the court to balance

23  the governmental interest that justifies the intrusion and the level of intrusion into the privacy of

24  the individual. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1496 (9th Cir. 1996).

25

26  _____

27  allegation and "Judge Smith imposed a fine of eight million dollars" is a factual allegation. As a
    third example, "the officer used excessive force" is a conclusory allegation and "the officer kicked
    plaintiff in the head when plaintiff was handcuffed and sitting quietly on the ground" is a factual
28  allegation. When a complaint only alleges conclusions and does not describe the facts that support
    the conclusions, it is deficient.

1    A search might be unreasonable if it was:  (1) done without a warrant where a warrant was

2    required, (2) done pursuant to a warrant that was defective, or (3) done in an unreasonable manner.

3    Mr. Wilkins has not described what was searched or what made the search unreasonable.  He must

4    do so in his SAC.

5         The Fourth Amendment also requires that an arrest be supported by probable cause.

6    *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Mich. v. Summers*, 452 U.S. 692, 700

7    (1981) (an arrest is unlawful unless there is probable cause to support it).  An arrest is supported

8    by probable cause if, under the totality of the circumstances known to the arresting officer, a

9    prudent person would have concluded that there was a fair probability that the defendant had

10   committed a crime.  *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010).  Mr. Wilkins does

11   not identify the crime for which he was arrested, nor does he allege that there was no probable

12   cause for his arrest, as he must to state a claim for false arrest.  *See Cabrera v. City of Huntington

13   Park*, 159 F.3d 374, 380 (9th Cir. 1998).  In his SAC, he must describe his arrest(s) and allege

14   facts showing that there was no probable cause for each such arrest.

15        A claim that a law enforcement officer used excessive force in the course of an arrest or

16   other seizure is analyzed under the Fourth Amendment reasonableness standard.  *See Graham v.

17   Connor*, 490 U.S. 386, 394-95 (1989); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 642 (9th Cir.

18   2018).  "'[T]he question is whether the officers' actions are objectively reasonable in light of the

19   facts and circumstances confronting them." *Byrd*, 885 F.3d at 642 (*quoting Graham,* 490 U.S.

20   386, 397 (1989)).  Mr. Wilkins does not describe the force used on him, nor does he describe what

21   he was doing when that force was used.  In his SAC, Mr. Wilkins must describe what happened in

22   each alleged instance of excessive force.

23        It is possible that some or all of Mr. Wilkins's claims will be barred by the *Heck* rule.   The

24   case of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), held that a plaintiff cannot bring a civil

25   rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by

26   actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction

27   or sentence or other decision already has been determined to be wrongful.  A conviction or

28   sentence may be determined to be wrongful by, for example, being reversed on appeal or being set

United States District Court
Northern District of California

4

aside when a state or federal court issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid.  The practical importance of the *Heck* rule is that plaintiffs cannot attack their convictions or sentences in a civil rights action for damages and instead must have successfully attacked the decision before filing the civil rights action for damages.  In his SAC, Mr. Wilkins should explain the outcome of each arrest that he alleges was unlawful.  He should state whether each false arrest claim is based on an arrest that led to a conviction, to charges that are still pending, or to a dismissal or other resolution in his favor.

To summarize, in his SAC, Mr. Wilkins must allege facts showing each of the constitutional violations for which he seeks relief.  He also must provide the dates on which each of the events occurred, as it appears from the FAC that he has had numerous encounters with law enforcement officers, and claims based on some of these instances likely will be time-barred.

Lastly, Mr. Wilkins must link individual defendants to his claims by alleging facts showing the basis for liability for each individual defendant.  He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).  If he wants to sue a supervisor, he must allege facts showing (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Mr. Wilkins names the State of California as a Defendant.  The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  The State of California has Eleventh Amendment immunity against Mr. Wilkins's action and therefore is dismissed from this

action.

There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights.  *See Monell v. Dep't of Soc. Servs.,*436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Thus, the mere fact that an alleged individual wrongdoer may have been employed by a police department, sheriff's department, or a hospital is not a sufficient basis on which to hold the employer liable.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.  *See Monell*, 436 U.S. at 690.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation."  *See Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).  For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief.  *See AE v. Cnty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).

## IV.    CONCLUSION

The first amended complaint ("FAC") is dismissed with leave to amend.  Plaintiff must file a second amended complaint ("SAC") that complies with the directions in this order no later than **September 2, 2022**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.

Plaintiff is cautioned that his SAC must be a complete statement of his claims, except that he may not repeat claims the court has dismissed without leave to amend and may not repeat allegations against defendants the court has dismissed from this action.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended

complaint to preserve them for appeal.  But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").  The Court notes that, in the FAC, Mr. Wilkins attempted to incorporate by reference allegations from the original complaint.  *See* FAC at 3.  This is not permissible; Mr. Wilkins's SAC must stand on its own and not rely on a previously filed document.

This is Mr. Wilkins's **final chance to state a claim**; he will not be granted an additional chance to amend absent extraordinary circumstances.  Failure to file the SAC, or to remedy the defects identified in this order, **will** result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: July 20, 2022

_____
EDWARD M. CHEN
United States District Judge